**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: HAWAIIAN AIRLINES, INC., Chapter 11 bankruptcy, <br><br> Debtor. | No. 09-15827 <br><br> D.C. No. 1:08-cv-00538-HG-KSC |
| ROBERT C. KONOP, <br><br> Appellant, <br><br> v. <br><br> HAWAIIAN AIRLINES, INC., a Hawaii Corporation, <br><br> Appellee. | MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

Submitted October 19, 2010[**]

Before: O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Konop's request to have oral argument in Pasadena, California, is denied.

Robert C. Konop appeals pro se from the district court's judgment affirming the bankruptcy court's order granting a motion by Hawaiian Airlines Inc., ("Hawaiian") to enforce the confirmation order and impose sanctions against Konop. We have jurisdiction under 28 U.S.C. §158(d). We review decisions of the bankruptcy court independently without deference to the district court's determinations. *Leichty v. Neary (In re Strand)*, 375 F.3d 854, 857 (9th Cir. 2004). We affirm.

The bankruptcy court did not err in granting Hawaiian's motion to enforce the confirmation order because Konop knowingly and intentionally brought his claims in violation of the discharge injunction. *See Renwick v. Bennett (In re Bennett)*, 298 F.3d 1059, 1069 (9th Cir. 2002) (bankruptcy court may enforce a discharge injunction through sanctions where the party knew the discharge injunction applied and intended the actions that violated the injunction). On the same basis, the bankruptcy court did not abuse its discretion in imposing sanctions against Konop. *See id.*; *Price v. Lehtinen (In re Lehtinen)*, 564 F.3d 1052, 1058 (9th Cir. 2009) (the bankruptcy court's imposition of sanctions is reviewed for an abuse of discretion).

We decline to address contentions Konop raises for the first time on appeal, including his contention that his wrongful termination and retaliation claims

against Hawaiian do not require the filing of an administrative claim and are not subject to discharge, and his contention that the bankruptcy court erred by dismissing, in effect, his claims as to non-debtor third party defendants. *See Florida Partners Corp. v. Southeast Co. (In re Southeast Co.)*, 868 F.2d 335, 339-40 (9th Cir. 1989) (declining to address issue not raised before bankruptcy court)

Konop's remaining contentions lack merit.

Konop's requests for judicial notice are denied.

**AFFIRMED.**